United States Courts
Southern District of Texas
FILED
April 14, 2022
Nathan Ochsner, Clerk of Court

United States District Court
Southern District of Texas
ENTERED
April 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| AVENGER MANUFACTURING COMPANY INC. § § § | |
| Plaintiff, § | MISC. ACTION NO. 7:97-MC-05 |
| VS. § § | |
| SCOTT ROWLAND, *et al.*, § § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff Avenger Manufacturing Company, Inc., filed this miscellaneous action seeking the enforcement of a judgment rendered "in the U.S. District Court for the Eastern District of Louisiana." (*See* Docket No. 18.) "[P]ursuant to the agreement of the parties," Defendant Scott Rowland's property that had been seized in connection with the judgment was ultimately returned to him. (*Id.*) However, for reasons that are unclear, this miscellaneous action remained open. In any event, Plaintiff now asserts "that there are no longer any pending matters" in this miscellaneous action, "such that this matter can be closed." (Docket No. 22.) Defendant has neither objected to nor otherwise responded in any way to Plaintiff's latest assertion.

As discussed below, the undersigned recommends that this action be dismissed with prejudice as moot.

## I. BACKGROUND

On July 3, 1997, Plaintiff filed this miscellaneous action in the McAllen Division, of the Southern District of Texas. Apparently, Plaintiff had obtained a favorable judgment in the U.S. District Court for the Eastern District of Louisiana, and it was attempting to enforce the judgment in the Southern District of Texas. As part of its enforcement attempts, Defendant had some of his

property seized, which was turned over to "custodian Jones Moving & Storage Company, Inc." (Docket No. 18, at 1.) On January 10, 2001, consistent with an agreement made by the parties, the Court ordered that the property "be released" to Defendant contingent on him satisfying some other conditions. (*Id.*)

As noted, for reasons that are unclear, Plaintiff requested that the case remain open. (Docket No. 19 (minute entry).) However, because the parties took no other action in this case since 2001, the undersigned ordered Plaintiff "to inform the Court within thirty (30) days . . . whether there are any pending matters in this action and/or whether there is an active case or controversy to be heard." (Docket No. 21.) Plaintiff responded, asserting "that there are no longer any pending matters" in this action "such that this matter can be closed." (Docket No. 22.) Defendant did not respond.

## II.  ANALYSIS

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies," and do not have "the power 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 67 (1997). "The case or controversy requirement also forecloses our consideration of moot cases . . . , and, indeed, of all matters save those involving parties who have a real dispute about a matter in which their interests are genuinely adverse." *KVUE, Inc. v. Moore*, 709 F.2d 922, 927 (5th Cir. 1983) (citing *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 & n.3 (1964)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for

2

purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[1] *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

In other words, "[m]ootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013). A defendant claiming mootness "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).

Here, to begin with, there was "an actual controversy . . . at the time the complaint [was] filed." *See Arizonans for Off. English*, 520 U.S. at 67. However, at this "stage[ ] of review," "the issues presented are no longer live." *See Arizonans for Off. English*, 520 U.S. at 67; *Already, LLC v. Nike, Inc.*, 568 U.S. at 91. This is evidenced by Plaintiff's assertion that "there are no longer any pending matters" in this case, and that this miscellaneous action "can be closed." (Docket No. 22.) Notably, Defendant did not object, or otherwise respond to Plaintiff's assertion that this case is now moot. Stated another way, this case is now moot because "the court no [is] no longer capable of providing meaningful relief" to Plaintiff, because the issues in this miscellaneous action have been resolved by the parties. *Ctr. for Biological Diversity, Inc.*, 704 F.3d at 425. Because it appears that this action is now moot, it should be closed.

### III. CONCLUSION

---

[1] "The basic inquiry in determining whether a case or controversy exists is whether the 'conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" *KVUE, Inc.*, 709 F.2d at 927 (quoting *Railway Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945)). "Thus the requirement focuses on the issues in the case rather than on the party seeking to present them." *KVUE, Inc.*, 709 F.2d at 927.

For the foregoing reasons, the undersigned respectfully recommends that this miscellaneous action be DISMISSED with prejudice as moot.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to counsel for the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on  April 14  , 2022.

_____
Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE